EDNA WOLFE WILLIFORD v. R. E. WILLIFORD

No. 7119SC82

(Filed 24 February 1971)

1. Husband and Wife § 11— separation agreement — wife's action to recover support payments — breach of husband's visitation rights

 In the wife's action to recover $2400 in support and maintenance payments under the terms of a separation agreement, the wife's breach of her covenant not to interfere with the husband's visitation rights with the children of the marriage does not constitute a valid defense to the husband's failure to make payments in conformity with the separation agreement, the support and maintenance provisions of the separation agreement being independent of the provisions relating to the husband's visitation rights.

2. Husband and Wife § 11— construction of separation agreement — effect of support provisions in divorce decree

 Although a divorce judgment contained a verbatim copy of the paragraph in a separation agreement relating to the husband's duty to provide support and maintenance payments to the wife, the court was required to look to the separation agreement, not the divorce judgment, in order to determine the rights and obligations of the parties with respect to support payments.

3. Husband and Wife § 11— construction of separation agreement — breach of provisions — defense to action for alimony or support

 The question whether the wife's breach of a provision in the separation agreement will constitute a defense to her action upon the agreement to enforce an alimony or support provision is generally made to turn upon the question whether the two provisions are dependent or independent.

4. **Husband and Wife § 11— separation agreement — enforcement of custody and visitation rights**

    Enforcement of custody and visitation rights under a separation agreement may best be had through the courts.

APPEAL by defendant from *Long, J.,* 19 October 1970 Three-Week Civil Session of RANDOLPH Superior Court.

On 25 February 1967, plaintiff and defendant, who were then married, executed a written separation agreement in conformity with the requirements of G.S. 52-6. By paragraph 6 of the agreement defendant husband agreed to pay plaintiff wife $1,200.00 per month for her support and maintenance, payable on or before the first day of each month beginning with March, 1967, and continuing so long as both parties lived or, in event of a later divorce between the parties, until the wife's remarriage. Paragraph 5 of the agreement provided that the wife should have exclusive custody of the two minor children of the parties, with the husband being given certain visitation rights. In this paragraph the wife covenanted "that she will not discourage any such visits or do any act or thing to alienate the desire or sentiment of said children with respect to said visits." Other paragraphs of the agreement made provision for monthly payments by the husband toward the support and maintenance of the two children, for payment by him of medical and educational expenses of the children, for maintenance of life insurance on the life of the husband, and for division and separate ownership of certain real and personal property belonging to the parties. It was also agreed that each party might acquire and own both real and personal property free of any estate or interest of the other, and that the agreement was "a complete settlement of the respective property rights of the parties hereto in the property, real and personal," which was referred to in the agreement or which they might thereafter acquire. Paragraph 12 of the agreement provided that in the event either party should bring an action for divorce, the provisions of certain paragraphs of the agreement, including paragraphs 5 and 6, should be incorporated in any decree entered in such action.

On 5 March 1969 an absolute divorce decree was entered in a divorce action brought by the husband on the ground of one year's separation. The judgment of divorce made reference to the separation agreement and recited that "pursuant to the

provisions of paragraph '12' of said separation agreement" certain numbered paragraphs of the separation agreement, including paragraphs 5 and 6, were ordered "incorporated" into the decree, which was done by copying such paragraphs verbatim in the divorce decree.

The present civil action was brought by plaintiff, the former wife, on 4 September 1970 against defendant, the former husband, seeking to recover $2,400.00 plus interest. In her verified complaint, plaintiff alleged the execution of the separation agreement by the parties, the incorporation of certain paragraphs thereof into the divorce decree, and that defendant had defaulted in the payments due plaintiff for August and September, 1970. Copies of the entire separation agreement and divorce decree were attached as exhibits to the complaint. Defendant answered, admitting execution of the written separation agreement and entry of the divorce decree, and admitting that he had not paid plaintiff the $2,400.00 as alleged in the complaint. In a further answer defendant alleged that plaintiff had breached the separation agreement by refusing since 25 June 1970 to allow the two minor children of the parties to visit with defendant and by doing "everything in her power to alienate the desire and sentiment of the said children to visit with the defendant." Plaintiff replied, denying the allegations of defendant's further answer and defense.

On 7 October 1970 plaintiff filed affidavit and motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. Plaintiff's affidavit repeated the allegations of the complaint relative to the default by the defendant in making the payments due plaintiff for the months of August and September and denied that plaintiff had refused to allow the children to visit the defendant since 25 June 1970. No opposing affidavit was filed by defendant. Notice of the motion for summary judgment was served on defendant and his counsel.

Plaintiff's motion for summary judgment came on for hearing before Judge Long, Judge of Superior Court presiding at the October Civil Session of Randolph Superior Court. After hearing argument of counsel and considering the allegations in the verified complaint and the admissions in defendant's verified answer, the court, being of the opinion that the facts alleged in defendant's answer do not constitute a defense to

plaintiff's action, entered judgment that plaintiff recover of defendant $2,400.00 with interest and court costs. Defendant appealed.

*Miller, Beck & O'Briant by Adam W. Beck for plaintiff appellee.*

*Bell, Ogburn & Redding by John N. Ogburn, Jr. for defendant appellant.*

PARKER, Judge.

[1] Defendant having admitted the contract and his failure to pay, plaintiff is entitled to summary judgment unless the facts alleged in the further answer constitute a valid defense. G. S. 1A-1, Rule 56 (c). We agree with the trial judge that they do not.

[2] At the outset we observe that, on the record before us, the defendant's obligation to make the monthly support payments to plantiff arises from the written separation agreement and not from the divorce decree. By copying verbatim in the divorce decree the paragraph in the agreement in which defendant agreed to make these payments, the court did not adopt the agreement of the parties as its own determination but merely approved or sanctioned the payments which defendant had agreed to make for his wife's support. "Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court," *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240, and may not be enforced by contempt proceedings. See opinion by Graham, Judge, in *Williford v. Williford*, filed this date. Since the agreement rather than the judgment controls, we must look to the entire agreement, and not merely to those portions thereof which were copied into the divorce judgment, in order to determine the nature and extent of interdependency of the reciprocal rights and obligations of the parties.

The chief merit and object of written separation agreements is to bring some stability and continuity into what is at best a troublesome relationship. Of necessity such agreements must deal with a large number of disparate subjects, particularly when children are involved. The principal purpose of such agreements might frequently be frustrated if a violation of one provision by one party should be held to furnish legal excuse for the other to refuse performance of some unrelated covenant.

Therefore, the authorities have generally held that it is not every violation of the terms of a separation agreement by one spouse that justifies the other in refusing performance. *Smith v. Smith*, 225 N.C. 189, 34 S.E. 2d 148.

[3] "The question whether the wife's breach of some of the provisions of the separation agreement will constitute a defense to her action upon the agreement to enforce a provision for alimony or support is generally made to turn upon the question whether the two provisions are dependent or independent, and the tendency of the courts seems to be to hold that provisions for alimony or support are independent of the other provisions, so that the breach is not a defense to the action." 24 Am. Jur. 2d, Divorce and Separation, § 923, p. 1050.

In *Smith v. Smith, supra,* plaintiff, the former wife, sued her former husband to recover judgment for the amount of unpaid monthly installments which he had agreed to pay her under the terms of a written separation agreement. The agreement contained a provision that each party would refrain from molesting the other in any manner, and defendant sought to excuse his failure to pay in accordance with the terms of the agreement on the ground that plaintiff had violated her covenant against molestation of defendant. Our Supreme Court held that this was no defense. Winborne, J. (later C.J.), speaking for the Court, after reviewing the authorities, said (at p. 197):

> "These authorities are to the effect (1) that it is not every violation of the terms of a separation agreement by one spouse that will exonerate the other from performance; (2) that in order that a breach by one spouse of his or her covenants may relieve the other from liability from the latter's covenants, the respective covenants must be interdependent rather than independent; and (3) that the breach must be of a substantial nature, must not be caused by the fault of the complaining party, and must have been committed in bad faith."

The Supreme Court held that the plaintiff in that case was entitled to have judgment entered in her favor on the pleadings.

[1] The written separation agreement signed by the parties in the case now before us dealt with a large number of distinct matters in fourteen numbered paragraphs. Included among the

matters dealt with was a division between the parties and provision for separate ownership of certain real and personal property previously owned by them jointly. Each agreed that the other might acquire and own real and personal property free of any estate or interest of the other. The wife expressly accepted the provisions made in the agreement for her benefit "in full satisfaction for her support and maintenance," and both parties agreed that the written separation agreement was "a complete settlement of the respective property rights of the parties hereto in the property, real and personal," which was referred to in the agreement or which either might thereafter acquire. Under these circumstances it is our opinion, and we so hold, that the provisions in the agreement by which the husband agreed to pay his wife $1,200.00 per month for her support and maintenance were independent of the provisions contained in the separate paragraph of the agreement dealing with the custody of the children and the husband's visitation rights. Therefore, even if the defendant in this case should offer evidence in support of the allegations in his further answer, such a showing would furnish no defense to the plaintiff's action.

[4] If plaintiff is in fact interfering with defendant's visitation rights with the children, defendant is not without remedy. Minor children remain always in the protective custody of the court, *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487, to which either parent has ready access in event custody and visitation privileges come into controversy. Resort to that remedy would result in far less hardship on the children than would normally be the case if the father should seek to enforce his visitation privileges by withholding support from the mother.

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.