VIRGINIA L. COLE v. JOHN J. EARON

No. 7521DC175

(Filed 2 July 1975)

1. Husband and Wife § 10; Courts § 21— separation agreement — what law governs

> The validity and construction of a separation agreement are to be determined by the law of the state where executed.

2. Husband and Wife § 11; Divorce and Alimony § 23— child support — wife's violation of visitation provisions

> Under the law of New York, which governed this action to recover child support payments due under a separation agreement, the wife's violation of visitation provisions in the separation agreement precludes her from maintaining against the husband an action to recover unpaid installments of child support stipulated under such agreement.

APPEAL by defendant from *Clifford, Judge*. Judgment entered 30 December 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 17 April 1975.

Plaintiff, a resident of New York, brought this civil action against defendant, a resident of North Carolina, to recover judgment in the amount of unpaid installments for child support due under a separation agreement. In her complaint plaintiff alleged that the parties were married on 26 November 1955, had one child, entered into a separation agreement on 21 September 1960 wherein defendant agreed to pay $20.00 per week to plaintiff for the support of the child, and that since 1 July 1969 defendant had not paid the weekly installments as agreed. Defendant admitted these allegations of the complaint and in a further answer alleged as a defense that plaintiff had breached the separation agreement by refusing to let him visit the child at any time after 1 March 1969 in violation of an express provision of the separation agreement. The court allowed plaintiff's motion made under Rule 12(c) and entered judgment on the pleadings in favor of plaintiff.

*Billings & Graham by William T. Graham for plaintiff appellee.*

*William Z. Wood, Jr. for defendant appellant.*

PARKER, Judge.

Defendant having admitted the contract and his failure to pay, plaintiff is entitled to judgment on the pleadings unless the facts alleged in the further answer constitute a valid defense. This depends upon whether the law of New York or of North Carolina applies. In New York the wife's violation of visitation provisions in a separation agreement precludes her from maintaining against the husband an action to recover unpaid installments of support stipulated under such agreement, this result being based on the reasoning that "where monies are to be paid for the support of persons whom the father has a right to see under the terms of the separation agreement, this right to see his children is tied into and is dependent upon his covenant to provide agreed sums of money for their support." *Baumann v. Goldstein,* 201 N.Y.S. 2d 575, 578 (1960) ; *accord, Duryea v. Bliven,* 122 N.Y. 567, 25 N.E. 908 (1890) ; *Magrill v. Magrill,* 16 Misc. 2d 896, 184 N.Y.S. 2d 516 (1959) ; Annot., 95 A.L.R. 2d 118, § 10, pp. 155-56 (1964). In North Carolina the support provisions of the separation agreement are considered as being independent of the provisions relating to the husband's visitation rights, with the result that the wife's breach of her covenant not to interfere with the husband's visitation rights with the children does not excuse the husband from making the support payments in conformity with the separation agreement. *Williford v. Williford,* 10 N.C. App. 451, 179 S.E. 2d 114 (1971).

[1, 2] A copy of the separation agreement involved in the present case was attached to the complaint. This reveals that the parties were married in New York, owned real property in New York, and on the date of the agreement had addresses at locations within New York. Each party acknowledged execution of the agreement before a notary public in New York. The validity and construction of a contract are to be determined by the law of the state where executed. *Fast v. Gulley,* 271 N.C. 208, 155 S.E. 2d 507 (1967). This principle, applicable to contracts generally, applies as well to separation agreements. *Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306 (1967) ; Annot., 18 A.L.R. 2d 760 (1951). We hold, therefore, that the law of New York is to be applied in determining the construction and effect of the separation agreement now before us and in determining the validity of the defense which defendant has alleged. "With regard to contractual matters, whatever is a good defense on the merits of the case, in the jurisdiction where the contract was made, is a

good defense in the place where the action is brought." 16 Am. Jur. 2d, Conflict of Laws, § 77, pp. 122-23.

The judgment appealed from is

Reversed.

Judges BRITT and VAUGHN concur.