VALDESE GENERAL HOSPITAL, INC. v. CHARLES MICHAEL BURNS AND DAVID REUBEN BURNS, JR., COLLECTORS OF THE ESTATE OF MARY FRANCES RITCH BURNS; CHARLES MICHAEL BURNS AND DAVID REUBEN BURNS, JR.

No. 8525SC866

(Filed 4 February 1986)

Fraudulent Conveyances § 3.4— issue as to fraudulent intent—summary judgment improper

The trial court erred in entering summary judgment for plaintiff on its claim for an amount for hospital care rendered to defendants' mother and on its claim that a conveyance to defendants from their mother was fraudulent and therefore void as against plaintiff, since there were genuine issues of material fact as to an exact amount owed by defendants and as to whether defendants' mother transferred her property with intent to defraud.

APPEAL by defendants from *Kirby, Judge*. Order entered 16 May 1985 in Superior Court, BURKE County. Heard in the Court of Appeals 15 January 1986.

This is a civil action wherein plaintiff seeks to recover from Charles Michael Burns and David Reuben Burns, Jr., "Collectors" of the estate of Mary Frances Ritch Burns $37,851.68 for hospital care provided on or about 29 June 1983, 16 July 1983, 28 September 1983, 15 October 1983, and 29 November 1983. Plaintiff also seeks to have a certain conveyance, executed by Mary Frances Ritch Burns to David Reuben Burns, Jr., and Charles Michael Burns on 6 August 1983, set aside and declared void as against plaintiff.

In its complaint plaintiff alleges that Mary Burns is indebted to plaintiff in the amount of $37,851.68 for hospital services rendered. Plaintiff also alleges that the conveyance from Mary Burns to her sons was a fraudulent conveyance in that it was made voluntarily with the intent to defraud the plaintiff.

Defendants filed an answer admitting that the hospital stays and the conveyance occurred but denying the amount of money owed and the fraudulent intent underlying the conveyance.

Defendants also filed a counterclaim alleging that Mary Burns sustained injuries due to plaintiff's malpractice and that a substantial portion of the hospital costs incurred by Mary Burns was due to plaintiff's malpractice.

Plaintiff filed a motion for summary judgment which was supported by interrogatories, admissions, depositions and an affidavit. These documents tend to show that Mary Burns was admitted to plaintiff hospital on five occasions, that Mary Burns conveyed a tract of land to her sons on 6 August 1983 and that Mary Burns owed plaintiff $15,349.02 as of 5:00 p.m. on 6 August 1983.

In opposition to the motion for summary judgment, defendants denied plaintiff's allegations regarding the amount owed to plaintiff and filed an affidavit tending to show that Mary Burns retained sufficient funds after the conveyance at issue to satisfy her obligations to the hospital at the time of the conveyance.

The court entered summary judgment for plaintiff declaring: (1) that defendant collectors were indebted to plaintiff in the amount of $37,851.68; (2) that the conveyance from Mary Burns to her children was fraudulent and therefore void as against plaintiff; and (3) that defendants' counterclaim against plaintiff should be dismissed. Defendants appealed.

*Mitchell, Teele, Blackwell, Mitchell & Smith, P.A., by Marcus W. H. Mitchell, Jr., for plaintiff, appellee.*

*Wilson and Palmer, P.A., by Hugh M. Wilson, for defendants, appellants.*

HEDRICK, Chief Judge.

The determinative question presented on this appeal is whether the trial court erred in granting summary judgment for plaintiff with respect to plaintiff's claim for $37,851.68 and whether the trial court erred in granting summary judgment for plaintiff declaring the conveyance from Mary Burns to defendants dated 6 August 1983 to be void.

A motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Lambert v. Duke Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied*, 292 N.C. 265, 233 S.E. 2d 392 (1977). All evidence before the court must be construed in the light most favorable to the non-moving party. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E. 2d 287 (1978). "[S]ummary judgment may be granted to the party with the bur-

den of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point out specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate." *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).

In its complaint, plaintiff alleged that defendants were indebted in the amount of $37,851.68 for hospital care provided to Mary Burns. In their answer, defendants denied they were indebted in the amount of $37,851.68. There is no evidence whatsoever in the record before us as to what the total amount defendants are indebted to plaintiff for hospital care provided to Mary Burns.

It is clear from the record before us that there remains a genuine issue of material fact regarding the exact dollar amount defendants owe plaintiff. Therefore, summary judgment in the amount of $37,851.68 must be reversed.

Summary judgment for plaintiff setting aside the conveyance from Mary Burns to the individual defendants must also be reversed. Before a conveyance may be set aside as fraudulent, the finder of fact must find that the conveyance was voluntary, that the conveyance was made without fair and reasonable consideration and that the conveyance was either made with the intent to defraud creditors or made so that at the time of the conveyance the transferor does not retain sufficient property to satisfy his then existing debts. G.S. 39-17; *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914); *Smith-Douglas v. Kornegay; First-Citizens Bank v. Kornegay*, 70 N.C. App. 264, 318 S.E. 2d 895 (1984).

Defendants do not dispute that the conveyance from their mother, Mary Burns, was voluntary and without legally cognizable consideration. Defendants contend that the third element of fraudulent conveyances, intent to defraud or insufficient retained property, is not present in this case.

Summary judgment is rarely proper when a state of mind such as intent or knowledge is at issue. See Louis, *Summary Judgment and the Actual Malice Controversy in Constitutional Defamation Cases*, 57 S. Cal. L. Rev. 707 (1984). Plaintiff does not

argue that it has shown that Mary Burns transferred the property with the intent to defraud Valdese General Hospital. Instead, plaintiff argues on appeal that the property retained by Mary Burns after the conveyance to defendants was insufficient to satisfy her debt to Valdese General Hospital.

Plaintiff submitted an affidavit from Melvin Harmon, a patient-financial counselor for Valdese General Hospital, that tends to show that Mary Burns owed $15,349.02 at the time of the conveyance. Charles Michael Burns submitted an affidavit that tends to show that Mary Burns retained at least $17,374.99. Defendants dispute the amount owed at the time of the conveyance. Plaintiff disputes the amount retained after the conveyance. Clearly, genuine issues of material fact remain to be resolved. Therefore, summary judgment for plaintiff setting aside the conveyance from Mary Burns to her sons must be reversed.

Although defendants appealed from summary judgment for plaintiff with respect to defendants' malpractice counterclaim, defendants have not brought forward any assignments of error relating to the counterclaim. Therefore, summary judgment for plaintiff on defendants' counterclaim must be affirmed.

Affirmed in part, reversed in part and remanded.

Judges JOHNSON and PHILLIPS concur.