VIOLA NEWMAN ROBERTSON v. JIMMY DAVID HARTMAN AND WIFE, PAT-
SY L. HARTMAN

No. 8722DC691

(Filed 17 May 1988)

**Vendor and Purchaser § 4— deed free from "title irregularities"—genuine issue of
fact as to meaning of term**

In an action for specific performance of a contract to buy a certain tract of
real property, the trial court erred in entering summary judgment for defend-
ants where a genuine issue of fact existed as to whether plaintiff could convey
a deed free from "title irregularities"; plaintiff understood "title irregularities"
to include only those defects in title which would prevent her from conveying
good and marketable title; and defendants understood the term to include the
existence of restrictive covenants which would prohibit the placement of a
mobile home upon the lot in question.

APPEAL by plaintiff from *Martin, Lester P., Jr., Judge.* Judg-
ment entered 25 March 1987 in District Court, DAVIDSON County.
Heard in the Court of Appeals 5 January 1988.

*Greeson, Page and Grace, by Michael R. Greeson, Jr., for
plaintiff-appellant.*

*J. Calvin Cunningham for defendants-appellees.*

JOHNSON, Judge.

Plaintiff filed this civil action on 22 September 1986 seeking
specific performance of a contract reduced to writing on 8 May
1986, in which she agreed to sell and defendants agreed to pur-
chase a certain tract of real property. She also sought damages
for the alleged malicious damage to her real property. As an
alternative remedy, plaintiff sought the difference between the
contract price and the future resale price. Plaintiff appeals from
an entry of summary judgment for defendants.

The agreement entered by and between the parties states
the following in its entirety:

This agreement by and between Viola Newman Robertson (divorced) and Jimmy David Hartman and wife, Patsy L. Hartman, is for the sale of Lot #9, Midway Acres, for the sale price of NINE THOUSAND TWO HUNDRED FIFTY AND NO/100 DOLLARS ($9,250.00). A deposit of FIVE HUNDRED DOLLARS ($500.00) is received by Viola Robertson this date as a deposit until such time as the deed can be prepared and the title can be searched. The balance of the sale price of EIGHT THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($8,750.00) shall be paid at the time of the deed delivery. *In the event the sale is not completed because of title irregularities, the said deposit shall be returned.* (Emphasis added).

This the 8th day of May, 1986.

s/VIOLA NEWMAN ROBERTSON                          (SEAL)
Viola Newman Robertson

s/JIM DAVID HARTMAN                               (SEAL)
Jimmy David Hartman

s/PATSY L. HARTMAN                                (SEAL)
Patsy L. Hartman

Prepared in duplicate

---

Pursuant to the agreement, defendants gave plaintiff a check in the amount of $500.00 on 8 May 1986 as earnest money; completion of the sale pending preparation of the deed and a title search free of "title irregularities." At defendants' direction, Ted S. Royster, Jr., Attorney-at-Law, rendered a title opinion to them on 15 May 1986. The opinion provided that the placement of a mobile home on the lot in question would be in violation of restrictive covenants contained in the deed.

The first covenant, which appears at paragraph four in the deed states in pertinent part: "[n]o residence shall be erected or allowed to remain on said Lot with less than 1300 square feet of floor space on the first floor, exclusive of porches, garages or other outbuildings, whether or not attached to the residence." The second covenant, appearing at paragraph seven states in pertinent part: "[n]o trailer, basement, tent, shack, garage, barn or other outbuilding [shall be] erected on this lot or shall be at any time used as a residence temporarily or permanently."

Upon learning of the existence of the restrictive covenants, defendants stopped payment on the check deposited with plaintiff and have refused to purchase the lot. They contend that the contract to purchase the lot was conditional upon their ability to place a mobile home upon the premises, and the existence of the restrictive covenants which prohibited the placement constitutes a "title irregularity" as contemplated by the agreement.

On 12 November 1986, defendants filed a motion for summary judgment, and on 25 March 1987 their motion was granted. From this order plaintiff appeals.

Plaintiff brings forth one Assignment of Error and argues that the court committed reversible error in granting defendants' motion for summary judgment, because the evidence, when considered in the light most favorable to the non-movant, raises a genuine issue of material fact as to whether the restrictive covenants were equivalent to a "title irregularity." We agree and reverse, as we are convinced of the existence of genuine issues of material fact yet to be decided.

The purpose of a summary judgment motion is to foreclose the need for a trial when, based upon the pleadings and supporting materials, the trial court determines that only questions of law, not fact, are to be decided. *Loy v. Lorm Corp.*, 52 N.C. App. 428, 278 S.E. 2d 897 (1981). Summary judgment may not be used, however, to resolve factual disputes which are material to the disposition of the action. *Econo-Travel Motor Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980). It is usually improper to grant the motion when a state of mind such as intent or knowledge is at issue. *Valdese General Hospital v. Burns*, 79 N.C. App. 163, 339 S.E. 2d 23 (1986).

Where issues surrounding the interpretation of the terms of a contractual agreement are concerned, the generally accepted rule is that the intention of the parties controls, and the intention can usually be determined by considering the subject matter of the contract, language employed, the objective sought and the situation of the parties at the time when the agreement was reached. *Pike v. Wachovia Bank and Trust Co.*, 274 N.C. 1, 161 S.E. 2d 453 (1968). When the parties use clear and unambiguous terms, such contracts can be interpreted by the court as a matter of law; however, if the terms employed are subject to more than

one reasonable meaning, the interpretation of the contract is a jury question. *Cleland v. The Children's Home, Inc.*, 64 N.C. App. 153, 306 S.E. 2d 587 (1983).

The resolution of the case *sub judice* must necessarily include settlement of the issue; whether the term "title irregularities," as understood by the parties, includes only those defects in title which would prevent grantor from conveying good and marketable title, or in addition, the existence of restrictive covenants which prohibit the placement of a mobile home upon the lot in question. Plaintiff contends that the former is the correct interpretation, and since no impediment exists which would prevent her from conveying good title, defendants are bound by the contract to purchase the lot. Defendants, on the other hand, assert the correctness of the latter interpretation and argue that the existence of the restrictive covenants constitutes a "title irregularity" and nullifies the contract and relieves them from performance.

Since the disputed term is not a term of common usage, nor does it carry an independent legal definition per se, the question remains unresolved and should have been submitted to a jury with proper instructions for resolution. *See Cleland, supra*. Thus, we have before us a disputed material issue of fact.

This Court has held that where there is a need to "find facts" then summary judgment is not an appropriate device to employ, provided those facts are material. *Capps v. City of Raleigh*, 35 N.C. App. 290, 241 S.E. 2d 527 (1978).

We feel that the need to "find" further facts is apparent and therefore reverse and remand this case for further proceedings so that this may be accomplished.

Reversed and remanded.

Judges PHILLIPS and ORR concur.