TERESA P. WHITE, Plaintiff v. CHARLIE RAY BOWERS, Defendant

No. 9018DC335

(Filed 19 February 1991)

**Husband and Wife § 11.2 (NCI3d) — separation agreement — provisions for child support and education expenses — provisions independent — intent of parties — genuine issue of material fact**

   In an action for specific performance of provisions of a separation agreement with regard to child support and college education expenses, the trial court erred in holding that plaintiff breached the separation agreement by seeking an increase in child support after the older child reached the age of majority, that such breach was material, and that defendant was entitled to summary judgment, all based on the court's finding that the child support limitation and the payment of college expenses were integrated parts of the agreement; however, the court was required to look to the intent of the parties to determine whether the specific parts of the agreement were integrated and dependent of each other or nonintegrated and independent of each other, and there were thus genuine issues of material fact making summary judgment inappropriate.

**Am Jur 2d, Divorce and Separation § 857.**

   Judge GREENE concurring.

   APPEAL by plaintiff from order entered 16 February 1990 by *Judge W. Edmund Lowe* in GUILFORD County District Court. Heard in the Court of Appeals 16 November 1990.

   Plaintiff and defendant executed a Separation and Property Settlement Agreement on 15 September 1983. Under section 4 of the Separation Agreement entitled "Child Support," defendant agreed to pay monthly child support payments of $1200 to plaintiff for the support of the couple's two minor children, Heather Elizabeth Bowers and Holly Ann Bowers. The Separation Agreement provided for a 50 percent reduction in these child support payments when the older child reached age 18. In the same section, defendant also agreed to provide the children with education beyond high school as long as each child had the ability and desire to continue and defendant agreed to the chosen school. However, if defendant did not agree to the chosen school, he agreed to pay only the

equivalent of the cost per year of a resident student attending the University of North Carolina at Chapel Hill.

The parties divorced, and in August 1985 defendant was ordered to pay $1200 per month in child support pursuant to a motion for child support by plaintiff. On 15 August 1985, the parties executed an amendment to the Separation Agreement in which the parties agreed the original agreement would remain in effect except as modified by the court in its August 1985 order.

Support obligations for Heather were terminated 31 May 1989. Plaintiff filed another motion seeking an increase in child support for the one minor child which was granted raising defendant's child support payments for the one minor child to $1000 per month. The court denied a motion for enforcement of the post high school education provisions on the grounds that they had not been incorporated into the orders of the court of 20 August 1983.

On 10 July 1989, plaintiff filed this action for specific performance of the post high school education provisions of the Separation Agreement to require defendant to pay for Heather's education at Gardner-Webb College. Defendant filed an answer alleging in part that plaintiff is not entitled to enforce the Separation Agreement on the grounds that she chose to seek an increase in child support by court action. On 20 November 1989, defendant moved for partial summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure asking that the court declare the most plaintiff is entitled to recover is the cost per year of a resident student at the University of North Carolina at Chapel Hill and that defendant is entitled to an offset against any college expenses for any child support he is required to pay above the $600 per month paid to plaintiff.

On 16 February 1990, the court granted summary judgment in favor of defendant. The trial court stated in its findings of fact that:

14. The terms of the Separation Agreement set out in the preceeding [sic] finding of fact [regarding the 50 percent reduction in child support] are in the same section with and directly preceed [sic] the terms and provisions setting forth the husband's agreement to provide his children with post high school education; and, the Court finds that the terms providing for a fifty percent (50%) reduction in child support when the older child reached the [sic] eighteen (18) was an integrated part

of the agreement for support of the children by the husband and part of the consideration for said agreement, including consideration for the husband's agreement to provide for post high school education of the children.

. . .

16. The plaintiff breached the terms of the Separation Agreement by failing to accept a fifty percent (50%) reduction in child support when the husband's obligation to support the older child of the parties ceased, and by seeking and obtaining a Court Order increasing the support to be required of defendant for the one remaining minor child to the sum of $1,000.00 per month.

17. Breach of the plaintiff in refusing to accept the fifty percent (50%) reduction in child support and obtaining an increase in child support in violation of the terms of the Separation Agreement was a material breach of the Agreement and, thereby, plaintiff is not entitled to seek enforcement of the provisions requiring the defendant to provide post high school education for the children of the parties.

The court concluded that because plaintiff breached the Separation Agreement by seeking and obtaining an increase in child support and because the breach was a material breach of the agreement, there was no genuine issue as to any material fact, and summary judgment for defendant was granted.

From this order, plaintiff appeals.

*Wyatt Early Harris Wheeler & Hauser, by A. Doyle Early, Jr., and Lee M. Cecil, for plaintiff-appellant.*

*Kathleen E. Nix for defendant-appellee.*

ORR, Judge.

The issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 (1990). For the reasons set forth below, we conclude that the trial court erred in granting summary judgment in favor of defendant.

"Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether

there is a genuine issue of material fact and whether the movant is entitled to judgment." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989). In *Hyde Ins. Agency, Inc. v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 165 (1975), we stated:

> If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact. Although findings of fact are not necessary on a motion for summary judgment, it is helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment. The "Findings of Fact" entered by the trial judge, insofar as they may resolve issues as to a material fact, have no effect on this appeal and are irrelevant to our decisions.

Therefore, the trial court's findings of facts are not binding in this appeal.

Plaintiff contends that there were genuine issues of material fact regarding 1) whether the child support provisions and the provisions regarding post high school education in the separation agreement were separable or interdependent; 2) whether plaintiff breached these provisions by obtaining an increase in child support, thereby refusing the 50 percent reduction in child support as provided in the agreement; and 3) whether such a breach was material so that the post high school education provisions were voided, thereby removing plaintiff's right to seek enforcement of this provision.

In determining whether a wife's breach of provisions in a separation agreement regarding visitation rights constituted a defense to the husband's failure to make support payments pursuant to the separation agreement, we stated:

> "These authorities are to the effect (1) that it is not every violation of the terms of a separation agreement by one spouse that will exonerate the other from performance; (2) that in order that a breach by one spouse of his or her covenants may relieve the other from liability from the latter's covenants, the respective covenants must be interdependent rather than

independent; and (3) that the breach must be of a substantial nature, must not be caused by the fault of the complaining party, and must have been committed in bad faith."

*Williford v. Williford*, 10 N.C. App. 451, 455, 179 S.E.2d 114, 117, *cert. denied*, 278 N.C. 301, 180 S.E.2d 177 (1971) (quoting *Smith v. Smith*, 225 N.C. 189, 197-98, 34 S.E.2d 148, 153 (1945)).

Thus, a critical issue in deciding whether a spouse's breach of a provision of a separation agreement is a defense is determining whether the provisions are interdependent or dependent. In *Williford*, the Court held that provisions for custody and visitation in the separation agreement were independent of the provisions for support and maintenance such that the wife's breach of the visitation provisions was not a defense to the husband's obligation to pay for plaintiff's support and maintenance. 10 N.C. App. at 456, 179 S.E.2d at 117.

In determining whether support provisions and property division provisions of a consent judgment were interdependent, our Supreme Court stated:

The answer depends on the construction of the consent judgment as a contract between the parties. "The heart of a contract is the intention of the parties. The intention of the parties must be determined from the language of the contract, the purposes of the contract, the subject matter and the situation of the parties at the time the contract is executed."

*White v. White*, 296 N.C. 661, 667-68, 252 S.E.2d 698, 702 (1979) (quoting *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 492, 219 S.E.2d 190, 196 (1975)).

In *White*, the provisions were not "clearly separable," the parties' intent regarding whether the two provisions were independent was not clear from the language of the contract, and the parties did not "express an intent that the provisions be considered reciprocal consideration for each other and thus inseparable." *White*, 296 N.C. at 668, 252 S.E.2d at 702. The Court stated that "[t]he record is devoid of any facts bearing on the negotiations between the parties, their financial situations before and at the time they consented to the judgment, and their motivation for entering into an agreement with these particular terms." *Id.* at 669, 252 S.E.2d at 703. Therefore, the Court stated that "[e]vidence of the situation of the parties at the time they consented to the judgment is therefore

essential to resolution of the issue." *Id.* In "dealing with the issue of separability of provisions in a consent judgment or separation agreement in cases in which the question is not adequately addressed in the document itself," the *White* Court held that "in such cases there is a presumption that provisions in a separation agreement or consent judgment made a part of the court's order are separable . . . ." *Id.* at 671-72, 252 S.E.2d at 704. The Court concluded that an evidentiary hearing was necessary. *Id.* at 672, 252 S.E.2d at 704.

In *Hayes v. Hayes*, 100 N.C. App. 138, 147-48, 394 S.E.2d 675, 680 (1990), we stated:

The effect of this presumption [in *White*] is to place the burden of proof on the issue of separability on the party claiming that the agreement is integrated . . . . This presumption of separability prevails unless the party with the burden to rebut the presumption proves by a preponderance of the evidence that an integrated agreement was in fact intended by the parties. However, where the parties include unequivocal integration or non-integration clauses in the agreement, this language governs. In those cases where no such explicit clauses exist, an evidentiary hearing to determine the parties' intent is required. [citations omitted]

In the case before us, there is no clause in the Separation Agreement in question stating whether the terms of the document are integrated or nonintegrated (independent or interdependent). Therefore, the Court must look to the intent of the parties, and determine whether the specific parts of the agreement are integrated and dependent of each other or nonintegrated and independent of each other. *See White*, 296 N.C. at 668-69, 252 S.E.2d at 702-03. If there is evidence raising a genuine issue of material fact, then the trier of fact must decide the issue. Here the trial court made findings of fact that the child support limitation and the payment of college expenses were integrated parts of the agreement. If fact finding was necessary, then summary judgment was inappropriate, and we so hold although we note that the trial court references in its order certain "stipulation of facts" which are not included in the record.

We reject, as inconsistent with *White* and *Hayes*, any argument that the terms of a separation agreement and/or property

settlement agreement in the absence of clear language in the agreement(s) are as a matter of law either independent or interdependent.

In the present case it is not clear whether or not the provisions of the separation agreement are integrated. Since genuine issues of material fact exist, summary judgment was inappropriate. Therefore, we conclude that the trial court erred in granting summary judgment.

The order of the trial court is therefore reversed and remanded for a hearing on the merits and issues raised.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge GREENE concurs with a separate opinion.

Judge GREENE concurring.

In determining the intent of the parties regarding the issue of whether the terms of an agreement are integrated or nonintegrated, the central issue is whether the provisions were negotiated in reciprocal consideration for each other. If in reciprocal consideration, the provisions are deemed integrated. If not in reciprocal consideration, the provisions are deemed separate or nonintegrated. Just as provisions of a separation agreement may or may not constitute reciprocal consideration for a property settlement agreement and therefore be integrated or nonintegrated, *see* *Stegall v. Stegall*, 100 N.C. App. 398, 410-11, 397 S.E.2d 306, 312-13 (1990) (evidence that property settlement and separation agreements were reciprocal); *In re Tucci*, 94 N.C. App. 428, 437, 380 S.E.2d 782, 787 (1989), *aff'd per curiam*, 326 N.C. 359, 388 S.E.2d 768 (1990) (no evidence that property settlement and separation agreements were reciprocal); *Small v. Small*, 93 N.C. App. 614, 626, 379 S.E.2d 273, 280, *disc. rev. denied*, 325 N.C. 273, 384 S.E.2d 519 (1989) (no evidence that property settlement and separation agreements were reciprocal), separate provisions of a separation agreement may also be either integrated or nonintegrated.