DEBRA D. NISBET v. THOMAS G. NISBET, JR.

No. 903DC673

(Filed 19 March 1991)

## 1. Divorce and Separation § 18 (NCI4th)— alimony and child support—procedural irregularities—not prejudicial

Any procedural irregularities did not cause sufficient prejudice to defendant to reverse a partial summary judgment for plaintiff for arrearages in child support and alimony, increases in both, and specific performance of certain provisions of the separation agreement.

**Am Jur 2d, Divorce and Separation §§ 856, 857.**

## 2. Divorce and Separation § 18 (NCI4th)— alimony—separation agreement—silent on whether provisions of agreement dependent on each other

The trial court erred in an action to enforce a separation agreement by granting partial summary judgment for plaintiff on her claim for arrearages for alimony where the agreement was silent on whether the provisions of the agreement were dependent on each other. On a remand, the trial court must determine whether defendant's payment of alimony is dependent upon plaintiff's complying with certain provisions of the agreement; whether plaintiff breached the pertinent provisions of the agreement if they are dependent; whether any breaches were of a substantial nature; and compute the specific amounts owed and to be paid, determining which Consumer Price Index is to be used.

**Am Jur 2d, Divorce and Separation § 833.**

## 3. Divorce and Separation § 409 (NCI4th)— child support—separation agreement—provisions not dependent on each other

The trial court did not err by granting a partial summary judgment for plaintiff on the issue of child support arrearages where defendant had alleged that plaintiff had violated provisions of the separation agreement. The duty of a parent to pay child support as agreed in a separation agreement will not be excused because the other parent does not comply with other provisions of the separation agreement unrelated to the financial support of the children. However, the trial

court on remand is to compute the child support arrearage and specifically identify it, rather than ordering a recovery for alimony and child support arrearages, and must resolve questions of which Consumer Price Index is to be used, what is meant by "increases in income," and how the income is to be calculated.

**Am Jur 2d, Divorce and Separation § 833.**

4. **Divorce and Separation § 399 (NCI4th)— child support— contention of inability to pay—motion in the cause**

A contention that defendant was financially unable to make child support payments called for in a separation agreement was relevant only to future payments and could be considered only after the defendant filed a motion in the cause for the trial court to set an amount of child support which differs from that in the separation agreement.

**Am Jur 2d, Divorce and Separation § 847.**

**Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.**

APPEAL by defendant from order of *Judge James E. Ragan, III,* entered 28 September 1989 in PITT County District Court. Heard in the Court of Appeals 14 December 1990.

*Ward and Smith, P.A., by John M. Martin and Glenn E. Ireland, for plaintiff appellee.*

*Kafer & Hunter, by Charles William Kafer, for defendant appellant.*

COZORT, Judge.

Plaintiff and defendant entered into a separation agreement calling for, among other things, defendant to pay alimony and child support to plaintiff. Plaintiff instituted this action claiming defendant had stopped making the payments called for in the agreement. Plaintiff requested payment of arrearages and an order directing specific performance of the agreement. Defendant claimed he was excused from the payment of alimony and child support because plaintiff violated provisions of the agreement providing for visitation, barring plaintiff's harassment of the defendant and prohibiting plaintiff's cohabitating with a member of the opposite sex in the

presence of the children. The trial court granted partial summary judgment for the plaintiff, ordering defendant to pay more than $11,000.00 in arrearages and directing specific performance of certain portions of the separation agreement. On appeal, defendant contends the trial court erred in granting partial summary judgment for plaintiff. We hold the trial court erred in granting summary judgment on the plaintiff's claim for alimony. We further hold that plaintiff was entitled to judgment on the claim for child support, finding defendant's payment of child support was not dependent upon plaintiff's compliance with the visitation, non-harassment and non-cohabitation provisions of the agreement.

Plaintiff (wife) and defendant (husband) were married on 11 July 1970; three children were born of the marriage. The parties separated on 2 January 1985. On 29 April 1985, the parties executed a separation agreement. The agreement contained provisions regarding custody, visitation, child support, alimony, property settlement, and certain other miscellaneous provisions. The agreement called for $250.00 per month alimony and $500.00 per child per month in child support, to be paid by defendant to plaintiff. The agreement provided for increases in the amount of child support and alimony by providing for percentage adjustments based upon changes in the "Consumer Price Index for Consumer Goods." Plaintiff and defendant subsequently divorced.

Plaintiff filed this action on 17 February 1987, alleging defendant began reducing the child support payments in May of 1986. She further alleged that defendant failed to increase alimony or child support as provided in the agreement. In her prayer for relief, plaintiff requested that the court (1) award her custody of the children, (2) require the defendant to pay alimony and child support including the increases for both as provided in the separation agreement, (3) direct defendant to pay arrearages, and (4) enforce other provisions of the agreement. In an amendment to the complaint, the plaintiff requested the court enforce other provisions of the agreement, including a provision banning cohabitation with a member of the opposite sex while the children are visiting and a provision providing for tickets to certain athletic events.

In his answer and counterclaim, defendant alleged that plaintiff breached the separation agreement by harassing him, by refusing to comply with custody and visitation provisions, and by cohabitating with a male to whom she is not married. Defendant also claimed

that he is financially unable to comply with the support and alimony provisions of the agreement. Defendant prayed for dismissal of the plaintiff's complaints, recision of the 29 April 1985 agreement, damages for plaintiff's breaches of the separation agreement, and for custody of the children.

On 18 January 1989, plaintiff filed a motion, with supporting affidavits, for partial summary judgment. At the 20 July 1989 hearing on plaintiff's motion, the court determined that there were no genuine issues of material fact on the issues of whether defendant breached the provisions of the agreement providing for child support, alimony, increases in both, and providing the plaintiff and children tickets to certain athletic events. The trial court's order directed defendant to pay $11,828.48 in arrearages, which amount included Consumer Price Index increases, plus interest of $1,532.86. The order also directed specific performance of the provisions of the agreement dealing with support for the children, alimony, and the tickets to athletic events. Defendant appeals.

[1] In his first five assignments of error, the defendant contends the trial court erred in granting summary judgment because of procedural defects relating to the notice of the hearing, the scope of the hearing, and the entry of the order after the hearing. We have reviewed those arguments and have determined that any procedural irregularities did not cause sufficient prejudice to defendant to justify reversal of the order. These assignments of error are summarily overruled.

[2] Defendant next contends that the court's grant of summary judgment was improper because there are genuine issues of material facts present which would preclude judgment for plaintiff, under N.C. Gen. Stat. § 1A-1, Rule 56 (1990). Defendant contends there are genuine issues of fact as to: (1) whether plaintiff's harassment of defendant and interference with defendant's visitation with the children in violation of the separation agreement excused defendant's performance, (2) which Consumer Price Index measurement is to be used in the calculation of child support and alimony increases owing by the defendant, (3) whether plaintiff violated the agreement by cohabiting with a male to whom she is not married, and (4) whether defendant has the financial ability to make the payments called for under the agreement.

Defendant argues that summary judgment was improper because there was a material question of fact as to whether plaintiff

harassed the defendant and interfered with visitation in violation of the separation agreement, thereby excusing his obligations under the agreement. Defendant contends that his payment of child support and alimony was dependent upon plaintiff's compliance with all terms of the separation agreement. Plaintiff responds that there is no provision in the separation agreement which makes defendant's duty to pay alimony and child support conditional upon plaintiff's compliance with the agreement. Therefore, plaintiff argues, plaintiff's nonperformance is not an issue in this case.

Although neither the trial court, plaintiff, nor defendant makes a distinction between the defendant's obligation to pay alimony and his obligation to pay child support, we find the obligations are distinguishable. For reasons which follow, we hold: (1) the defendant's obligation to pay *child support* is not dependent upon plaintiff's compliance with the visitation, non-harassment and non-cohabitation provisions; and (2) the issue of whether the defendant's payment of *alimony* is dependent upon plaintiff's compliance with those same provisions of the separation agreement is a factual issue to be resolved by determining the intent of the parties when they signed the agreement.

The appellate courts of this State have consistently held that the issue of whether a spouse's right to alimony or maintenance and support is dependent upon that spouse's compliance with other provisions in the separation agreement is determined by the construction of the contract between the parties. For example, this Court has held that the issue of whether payment to the wife for her support is dependent on the agreement's provision for the husband's visitation rights is determined by the terms of the agreement and the parties' intent. *Williford v. Williford*, 10 N.C. App. 451, 455-56, 179 S.E.2d 114, 117 (1971). In *White v. White*, our Supreme Court held that whether the parties intended for payment of support to the wife to be in reciprocal consideration of a property settlement is a factual issue to be resolved based on the particular facts of the case. 296 N.C. 661, 667-69, 252 S.E.2d 698, 702 (1979). In *Wheeler v. Wheeler*, the Supreme Court held that, where the separation agreement made the payment of alimony conditional upon the wife's performance of duties under the agreement, the agreement would be enforced as written. 299 N.C. 633, 641-42, 263 S.E.2d 763, 768 (1980). In *Hayes v. Hayes*, this Court again held that whether the wife's right to her support is dependent upon compliance with other conditions in the agreement depends

upon the intent of the parties. The Court noted that there is a presumption that the provisions are separable, with the burden of proof on the party claiming the provisions are integrated. 100 N.C. App. 138, 147, 394 S.E.2d 675, 680 (1990). More recently, our Court addressed the question of dependency in *White v. Bowers*, 101 N.C. App. 646, 400 S.E.2d 760 (1991). In *White*, plaintiff-wife brought suit to specifically enforce a provision of a separation agreement which required defendant-husband to pay for the college education of his 18-year-old daughter. The trial court granted summary judgment in favor of defendant, concluding that, because plaintiff breached the agreement by seeking and obtaining an increase in child support, plaintiff was not entitled to seek enforcement of the provisions requiring defendant to provide post high school education for his adult children. *Id.* at 647-48, 400 S.E.2d at 761. This Court held that summary judgment was improper because it was not clear from the agreement whether the provisions of the separation agreement were intended to be dependent on each other. *Id.* at 652, 400 S.E.2d at 763. We stated that "the Court must look to the intent of the parties, and determine whether the specific parts of the agreement are integrated and dependent of each other." *Id.* at 651, 400 S.E.2d at 763. Thus, it was for the finder of fact to determine whether the husband's agreement to pay for college for his adult children was dependent upon his wife's acceptance of a specific rate of child support without asking for an increase.

Applying these rules of law to the case below, we find the trial court erred in granting summary judgment for plaintiff on her claim for arrearages for alimony. Defendant forecast evidence that plaintiff violated provisions of the agreement. The agreement is silent on the question of whether the provisions are dependent of each other. On remand, the trial court must determine whether defendant's payment of alimony is dependent upon the plaintiff's complying with the provisions of the agreement dealing with visitation, non-cohabitation and non-harassment. The burden of proof of integration of the provisions is on the defendant. *Hayes*, 100 N.C. App. at 147, 394 S.E.2d at 680. If the trial court finds the provisions in question are dependent, the trial court must then determine whether plaintiff breached the pertinent provisions, and, if so, whether those breaches were of a substantial nature. *See Smith v. Smith*, 225 N.C. 189, 198, 34 S.E.2d 148, 153 (1945). If the trial court finds plaintiff is entitled to arrearages in alimony and specific performance of the agreement, the trial court must

compute the specific amounts owed and to be paid. In this regard, defendant correctly points out in his brief that the separation agreement does not specify which "Consumer Price Index" is to be used to compute increases in alimony. The trial court must find that answer by deciding what the parties intended when they signed the agreement.

[3] On the issue of defendant's obligation to pay child support, we find a different result to be appropriate. Defendant has cited no case, and we are aware of no case from this jurisdiction, which holds that the contractual obligation of one parent to pay child support is dependent upon the other parent's compliance with provisions of the separation agreement dealing with visitation, non-harassment or non-cohabitation with persons of the opposite sex.

It is the policy of this State that both parents have a duty to support their minor children. *Plott v. Plott*, 313 N.C. 63, 68, 326 S.E.2d 863, 867 (1985); N.C. Gen. Stat. § 50-13.4 (1987). The duty of a parent to pay child support as agreed to in a separation agreement, will not be excused because the other parent does not comply with other provisions of the separation agreement unrelated to the financial support of the children. Thus, in the case below, defendant's obligation to pay child support as provided in the separation agreement is not dependent upon plaintiff's compliance with visitation, non-harassment, or non-cohabitation provisions in the same agreement. To hold otherwise would punish the children for the misbehavior of a parent. The defendant admitted that he had reduced the child support payments. Plaintiff was therefore entitled to prevail on the issue of child support.

The court below concluded that plaintiff was entitled to recover $11,828.48 in arrearages for child support and alimony from the date of each separate breach of those provisions set forth in the separation agreement. From the trial court's order we cannot tell what portion of the $11,828.48 is for child support and what portion is alimony. On remand, the trial court must compute the child support arrearage and specifically identify it in its order.

As we noted above, the agreement is silent as to which national publication of the changes in the Consumer Price Index is to be used in the calculation of the child support increase. Defendant also argues that a material issue of fact exists as to what the parties intended by the term "net increases in income" in the separation agreement. Summary judgment is not proper when in-

NISBET v. NISBET

[102 N.C. App. 232 (1991)]

tent is at issue. *Valdese Gen. Hosp. v. Burns*, 79 N.C. App. 163, 339 S.E.2d 23 (1986). Thus, the trial court must resolve the questions of what Consumer Price Index is to be used, what is meant by "increases in income," and how the increase is to be calculated in the child support.

**[4]** The defendant also contended in his brief that summary judgment was improper because he was financially unable to make the payments called for in the agreement. That contention would be relevant only to future payments and could be considered only after the defendant files a motion in the cause for the trial court to set an amount of child support which differs from that in the separation agreement. *Bottomley v. Bottomley*, 82 N.C. App. 231, 234-35, 346 S.E.2d 317, 320 (1986).

Last, defendant does not assign error to the trial court's order specifically enforcing the agreement provision regarding the athletic tickets. Therefore, we affirm that portion of the trial court's order.

In summary, we remand the case in order for the trial court to: (1) determine the proper Consumer Price Index measurement to use, (2) calculate the child support arrearage that defendant owes, (3) determine whether plaintiff's right to receive alimony is dependent on her compliance with the visitation, non-harassment and non-cohabitation provisions, and (4) make factual findings as to plaintiff's alleged violations of the agreement.

The trial court's order is

Affirmed in part, reversed in part, and remanded for further proceedings.

Judges PARKER and GREENE concur.