NILES D. SLAVIN AND WIFE, CAROL J. SLAVIN; BENNET L. HUSSEY AND WIFE, LILLIE E. HUSSEY; ROBERT LEE MANN; SANDRA H. WILSON AND HUSBAND, THOMAS A. WILSON; RALPH W. PETERS, JR. AND WIFE, JOYCE PETERS; DAVID A. MILLER AND WIFE, LORI H. MILLER; JUDY C. MARTIN AND HUSBAND, WILCO A. MARTIN; JOSEPH BEAM, JR. AND WIFE, JUDITH ANN BEAM; W.H. ODELL; MICHAEL J. GOODMAN AND WIFE, MARIAN GOODMAN; DONALD PROTO AND WIFE, ELIZABETH W. PROTO; DOZIER PROPERTIES, INC., A NORTH CAROLINA CORPORATION; PETER R. DeMAO; LARRY V. HOGAN AND WIFE, MARGARET F. HOGAN; F. EUGENE LILLEY AND WIFE, MARJORIE E. LILLEY; GEORGE P. WHITE, A SINGLE PERSON; WOODROW W. BLACKBURN AND WIFE, BETTY N. BLACKBURN; BRANTLEY E. CLIFTON AND WIFE, MEREDITH B. CLIFTON; DOROTHY O. FLOYD, A WIDOW; JOHN HAIRSTON, JR. AND WIFE, DELANEY G. HAIRSTON; ERVIN L. McCRAY AND WIFE, LINDA L. McCRAY; AND JOHN C. WILKS, A SINGLE PERSON, PLAINTIFFS v. TOWN OF OAK ISLAND, A NORTH CAROLINA MUNICIPAL CORPORATION AND BODY POLITIC, DEFENDANT

No. COA02-671

(Filed 19 August 2003)

1. **Cities and Towns; Waters and Adjoining Lands— taking— beach access**

The trial court did not err in a takings case by granting summary judgment in favor of defendant town even though plaintiff oceanfront property owners contend defendant lacked authority to enact the pertinent access plan or to construct a fence upon the renourished beach in order to protect the sand dune and the turtle habitat which effectively limited each plaintiff's direct access to the ocean from his property, because nothing in the State Lands Act limits the authority of a town or city to enact reg-

SLAVIN v. TOWN OF OAK ISLAND

[160 N.C. App. 57 (2003)]

ulations in order to protect a public beach located within its municipal limits.

2. **Cities and Towns; Waters and Adjoining Lands— taking— beach access—vested appurtenant littoral right of direct access—compensation**

    The trial court did not err by granting summary judgment in favor of defendant town even though plaintiff oceanfront property owners contend plaintiffs had a vested appurtenant littoral right of direct access to the ocean which defendant cannot lawfully limit without compensating plaintiffs, because a littoral property owner's right of access to the ocean is a qualified one that is subject to reasonable regulation.

Appeal by plaintiffs from judgment entered 13 February 2002 by Judge D. Jack Hooks, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 3 June 2003.

*Hedrick, Blackwell & Criner, L.L.P., by G. Grady Richardson, Jr., for plaintiffs appellants.*

*Roger Lee Edwards, P.A., by Roger Lee Edwards, and Crossley, McIntosh, Prior & Collier, by Clay A. Collier, for defendant appellee.*

ELMORE, Judge.

Plaintiffs are owners of oceanfront property located within the municipal boundaries of the Town of Oak Island ("defendant" or "Town"). In May 2001, the United States Army Corps of Engineers ("Corps") completed a beach renourishment project, the Turtle Habitat Restoration Project, within the limits of the Town. The project was conducted with the consent of defendant and was designed to restore a sea turtle nesting habitat that had been damaged by erosion. A second beach renourishment project, the Wilmington Harbor Project, was undertaken in the Town by the Corps but not yet completed by the time this action commenced. Both projects entailed the placement of new sand on the seaward side of the former mean high water mark, which represents the seaward boundary of plaintiffs' properties. The placement of new sand in this manner pushed the mean high water mark seaward, creating a new dry sand beach and dune between plaintiffs' property and the ocean.

In order to protect the new sand dune and the turtle habitat, defendant adopted the Beach Access Plan ("Access Plan") at issue.

The Access Plan provides for the construction of fencing on and along the length of the renourished beach. Pursuant to the Access Plan, plaintiffs may only access the ocean via designated public access points. Prior to implementation of the Access Plan and construction of the fencing, each plaintiff enjoyed direct access to the ocean from his or her property.

Plaintiffs filed suit against defendant alleging that plaintiffs had a right of direct access to the ocean and that defendant's Access Plan constituted a taking of that right in violation of the federal and state constitutions. On 13 February 2002, after careful consideration of the pleadings and supporting materials, the trial court ordered that summary judgment be entered in favor of defendant. On 19 February 2002, plaintiffs gave notice of appeal to this Court.

On appeal, plaintiffs contend summary judgment in defendant's favor was improper as a matter of law on the following issues: 1) plaintiffs' assertion that defendant lacked standing and authority to adopt the Access Plan; and 2) plaintiffs' assertion that they each possess a vested appurtenant littoral right of direct access to the ocean, which defendant cannot lawfully limit without compensation. We disagree with plaintiff's contentions and affirm the trial court's order.

Summary judgment is appropriate if there is no genuine issue as to any material fact and any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Weeks v. N.C. Dept. of Nat. Resources and Comm. Development*, 97 N.C. App. 215, 224, 388 S.E.2d 228, 233, *disc. review denied*, 326 N.C. 601, 393 S.E.2d 890 (1990). The purpose of summary judgment "is to foreclose the need for a trial when, based upon the pleadings and supporting materials, the trial court determines that only questions of law, not fact, are to be decided." *Robertson v. Hartman*, 90 N.C. App. 250, 252, 368 S.E.2d 199, 200 (1988). Plaintiffs concede that there are no disputed issues of fact in the present case.

[1] We first consider plaintiffs' contention that defendant was not entitled to summary judgment as a matter of law because defendant lacked the authority to enact the Access Plan or to construct a fence upon the renourished beach. Plaintiffs argue that, pursuant to the provisions of the State Lands Act, codified at N.C. Gen. Stat. § 146-1 *et seq.*, the State of North Carolina and its Department of Administration have exclusive authority to regulate the renourished beach. Plaintiffs further contend that, because the Department of

Administration has not delegated that authority to defendant, defendant's Access Plan was unlawfully implemented. After careful consideration of the State Lands Act, we conclude that the Act does not support plaintiffs' contention, and that the Town does as a matter of law have authority to enact the Access Plan.

N.C. Gen. Stat. § 146-6(f) provides that ". . . the title to land in or immediately along the Atlantic Ocean raised above the mean high water mark by publicly financed projects which involve hydraulic dredging or other deposition of spoil materials or sand vests in the State." N.C. Gen. Stat. § 146-6(f) (2001). Because the renourishment projects undertaken by the Town were publicly financed sand placement projects, title to the newly-created beach is vested in the State. However, we believe that nothing in the Act should be read as limiting the authority of a town or city to enact regulations in order to protect a public beach located within its municipal limits. Plaintiffs' reading of the Act is inconsistent with our Legislature's grant of authority to municipalities to exercise police power within their boundaries. See N.C. Gen. Stat. § 160A-174(a) (2001) ("A city may by ordinance define, prohibit, regulate, or abate acts, omissions, or conditions, detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the city, and may define and abate nuisances."). Accordingly, we reject plaintiffs' contention that defendant as a matter of law lacked authority to adopt and implement its Access Plan or to construct a fence upon the renourished beach.

[2] Plaintiffs also contend that summary judgment for defendant was improper because plaintiffs have a vested appurtenant littoral right of direct access to the ocean, which defendant cannot lawfully limit without compensating plaintiffs. Plaintiffs insist that they are entitled to compensation because defendant's Access Plan unlawfully limits plaintiffs' right of access by requiring plaintiffs to access the ocean via designated access points, rather than directly from their respective properties.

While we agree that North Carolina law recognizes a littoral property owner's right of access to adjacent water, plaintiffs misinterpret the nature of that right. See Capune v. Robbins, 273 N.C. 581, 588, 160 S.E.2d 881, 886 (1968); Bond v. Wool, 107 N.C. 139, 148, 12 S.E. 281, 284 (1890). A littoral property owner's right of access to the ocean is a qualified one, Capune, 273 N.C. at 588, 160 S.E.2d at 886, and is subject to reasonable regulation, Weeks, 97 N.C. App. at 225-26, 388 S.E.2d at 234. Plaintiffs, however, do not argue that the Access Plan is an unreasonable regulation of their littoral property

rights. Rather, plaintiffs insist that defendant may not limit their right of access to the ocean at all without compensating plaintiffs.

In *Capune,* our Supreme Court stated that a littoral property owner's right of access to adjacent water is " 'subject to such general rules and regulations as the Legislature, in the exercise of its powers, may prescribe for the protection of the public rights in rivers or navigable waters.' " *Capune,* 273 N.C. at 588, 160 S.E.2d at 886 (quoting *Bond,* 107 N.C. at 148, 12 S.E. at 284). In *Weeks,* this Court held that appurtenant littoral rights are "subordinate to public trust protections." *Weeks,* 97 N.C. App. at 226, 388 S.E.2d at 234. Thus, it is well-established that the littoral right of access to ad-jacent water is a qualified right.

Plaintiffs' contention that the Town may not, without compensation, in any way limit their right of access to the ocean is inconsistent with the qualified nature of that right. Accordingly, we conclude that defendant is entitled to judgment as a matter of law, and the trial court's order granting summary judgment in favor of defendant was proper.

Affirmed.

Judges TIMMONS-GOODSON and McCULLOUGH concur.