WILLIAM HOWARD LAIL II, a minor, by his Guardian Ad Litem, WILLIAM HOWARD LAIL v. BILLY WOODS, a minor, and ERNEST RAY WOODS and wife, MARIE B. WOODS

No. 7725SC337

(Filed 6 June 1978)

1. Assault and Battery § 1— fight between minors—assault and battery

In an action to recover for injuries sustained by minor plaintiff in a rock throwing incident, the trial court properly submitted an issue as to assault and battery and did not err in failing to submit an issue as to negligence where there was no evidence that defendant did anything other than participate in a rock fight by throwing rocks at other children.

2. Assault and Battery § 2— rock fight—self-defense

The trial court erred in submitting an issue of self-defense to the jury in an action to recover for injuries sustained in a rock fight where the evidence showed that defendant left a position of relative safety and drove his mini-bike back to the rock fight and that defendant thus had no apprehension of real or apparent danger.

3. Assault and Battery § 3— rock fight—assault and battery—provocation—mitigation of damages

In an action to recover for injuries suffered by the minor plaintiff when he was struck by a rock thrown by defendant during a rock fight, the trial court should have instructed the jury that if plaintiff, by his own conduct in throwing rocks, provoked or helped provoke defendant into joining in the rock fight or throwing the rock which injured plaintiff, such provocation should be considered in mitigation of plaintiff's damages.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 9 December 1976 in Superior Court, BURKE County. Heard in the Court of Appeals 8 February 1978.

Billy Lail, by his guardian ad litem, brought suit against Billy Woods and his parents for injuries sustained in a rock throwing incident that took place on 14 August 1974. The suit against the parents was later dismissed. The plaintiff was six years old at the time of the incident; the defendant was about twelve. Six children testified as to what occurred. Their testimony tended to show that defendant had antagonized several children who, along with him, were members of a club. After they threw him out of the club, he began to ride his mini-bike up and down the road in front of them. The road led to his home and he was on his father's property. Several children threw rocks at defendant and his mini-bike.

After being struck by a rock thrown by Bobby Laxton, defendant threw a piece of gravel back at Bobby. The plaintiff, who had joined the group at some time during the rock throwing, was hit in the eye. There was evidence that he had thrown several rocks himself. His vision was impaired as a result of his injury.

Issues were submitted to the jury which found that defendant injured the plaintiff by committing assault and battery on him. It also found that the defendant acted justifiably in self-defense. It was, therefore, ordered that plaintiff take nothing by the action.

*Claude S. Sitton, for plaintiff appellant.*

*Mitchell, Teele & Blackwell, by W. Harold Mitchell; Byrd, Byrd, Ervin & Blanton, by Robert Byrd, attorneys for defendant appellee.*

VAUGHN, Judge.

Plaintiff assigns as error the court's refusal to submit issues of negligence and contributory negligence to the jury either instead of or in addition to the issues of assault and battery. The complaint had been drafted on the theory of negligence, and plaintiff contends that the evidence raised the question of negligence. The court should properly charge the jury on all theories of recovery supported by evidence. *Morris Speizman Co. v. Williamson*, 12 N.C. App. 297, 183 S.E. 2d 248 (1971); *cert. den.*, 279 N.C. 619, 184 S.E. 2d 113. The evidence in this case shows that all the children mutually engaged in a rock fight which grew out of an earlier altercation. The uncontroverted evidence was that defendant threw the rock at one of the children. That he did not mean to hurt anyone is irrelevant; he intended to participate in the rock fight, an intentional act of violence. It has long been held in this State that because fighting is unlawful, the consent of the parties to fight is no bar to an action by one of them. Where two or more persons join in an affray, each is guilty of an assault and battery upon the others, and each may maintain an action against the others. *Bell v. Hansley*, 48 N.C. 131 (1855). Thus the submission of issues of assault and battery was proper.

[1] This evidence does not, however, support the theory of negligence on defendant's part. "[A]n intentional act of violence is

not a negligent act." *Jenkins v. North Carolina Department of Motor Vehicles*, 244 N.C. 560, 563, 94 S.E. 2d 577, 580 (1956). There are situations where the evidence presented raises questions of both assault and battery and negligence. In the case of *Williams v. Dowdy*, 248 N.C. 683, 104 S.E. 2d 884 (1958), there was evidence that defendant had fired his gun into a group of workers, which would have been an assault and battery, and there was other evidence that, frightened by the advancing crowd, he had fired a warning shot into the ground before him. If injury had resulted from a ricocheting bullet, there was a proper ground for finding negligence. Therefore, instructions on both theories were properly given. Here there is no evidence that defendant did anything other than participate in a rock fight by throwing a rock at other children. Thus only issues based on the theory of assault and battery were appropriately submitted to the jury.

[2]   The issue of self-defense, however, should not have been submitted to the jury. Again the evidence was uncontroverted. Defendant left a position of relative safety and drove his mini-bike back to the rock fight. There is no evidence that he had any apprehension of actual danger. Defendant testified that he "got aggravated with them" and then threw the rocks back. Since the right to self-defense depends upon the defendant's reasonable apprehension of real or apparent danger, *State v. Evans*, 19 N.C. App. 731, 200 S.E. 2d 213 (1973), it was error to instruct the jury upon the issue in the absence of any evidence to that effect. *Gunter v. Winders*, 256 N.C. 263, 123 S.E. 2d 475 (1962).

[3]   There is, however, some evidence of provocation by the plaintiff. Although provocation is not a defense to an action for assault and battery, it may be considered in mitigation of the plaintiff's damages. *Lewis v. Fountain*, 168 N.C. 277, 84 S.E. 278 (1915); *Frazier v. Glasgow*, 24 N.C. App. 641, 211 S.E. 2d 852 (1975); *cert. den.*, 286 N.C. 722, 213 S.E. 2d 721; *see generally*, 63 A.L.R. 890. In the case of *Lewis v. Fountain, supra*, the court properly refused to give a requested instruction to the effect that if plaintiff and defendant willingly engaged in a mutual assault upon each other with pistols and plaintiff was injured during the mutual assault, then plaintiff is not entitled to recover. The Supreme Court pointed out that such an instruction would legalize fighting by consent. The case concerned a man going to the home of his

sister to intervene between her and her drunken husband. The two quarreled and exchanged pistol shots. The Court obviously did not wish to approve such self-help measures with their attendant dangers. The situation is similar here, even though children are involved. On the other hand, if the provocation is great, the damages may even be reduced to a nominal amount. *Palmer v. Winston-Salem Ry. and Elec. Co.*, 131 N.C. 250, 42 S.E. 604 (1902). When this case is retried, the jury should be instructed that if plaintiff, by his own conduct in throwing rocks, provoked or helped provoke defendant into joining in the rock fight or throwing the rock which injured him, that factor should be considered in mitigation of his damages.

New trial.

Judges MITCHELL and ERWIN concur.