LAYMAN KEITH VERNON, Plaintiff v. PHILLIP M. BARROW, Defendant

No. 8918DC45

(Filed 19 September 1989)

**Assault and Battery § 3; Negligence § 20— injury from ricocheting bullet — assault and negligence actions — statute of limitations**

Defendant's conduct in firing a gun which resulted in injury to plaintiff from a ricocheting bullet gave rise to actions for assault and battery and negligence, and where plaintiff filed his complaint some nineteen months after the incident, the assault claim was barred by the one-year statute of limitations of N.C.G.S. § 1-54(3), but the negligence claim was not barred by the statute of limitations.

APPEAL by plaintiff from *Vaden, Judge.* Order entered 31 August 1988 in District Court, GUILFORD County. Heard in the Court of Appeals 30 August 1989.

This is a civil action wherein plaintiff seeks damages for personal injuries sustained as a result of defendant's alleged negligence. The allegations in plaintiff's complaint, except where quoted, are summarized as follows: On 12 June 1984, defendant, owner of Skeeter's Lounge, went to the lounge to collect rent. Defendant noticed plaintiff standing at the bar, and defendant told him that he "should get off his property immediately." Thereafter, defendant left the lounge and went outside to the parking lot to conduct business with a customer. After finishing his business outside, defendant returned to the lounge and again asked plaintiff to leave. When plaintiff refused, defendant "pulled out a gun" and fired a shot into the floor of the lounge near plaintiff's feet. Plaintiff did not leave, so defendant fired the gun into the floor two more times. After the third shot, plaintiff felt pain in his leg and realized that one of the bullets had ricocheted, striking him in the left thigh. Defendant admitted these allegations in his answer.

On 31 August 1988, the trial court entered summary judgment for defendant based on G.S. 1-54(3), the one-year statute of limitations. In his order, the trial judge stated the following:

[T]he court finds that there is no material issue of fact that bears on the statute of limitation question, for that the firing of the pistol on June 12, 1984 by the defendant was

VERNON v. BARROW

[95 N.C. App. 642 (1989)]

intentional and the tort alleged is that of assault and not of negligence, and, therefore, this action is barred by the one-year statute of limitations, since the complaint was filed on March 20, 1986, more than one year later.

Plaintiff appealed.

*Fish and Hall, P.A., by Konrad K. Fish, and Henson Henson Bayliss & Teague, by Perry C. Henson, for plaintiff, appellant.*

*McNairy, Clifford, Clendenin & Parks, by Locke T. Clifford, for defendant, appellee.*

HEDRICK, Chief Judge.

The sole question presented on appeal is whether the trial court erred in holding that plaintiff's claim was barred by the one-year statute of limitations, G.S. 1-54(3). Plaintiff argues that defendant's conduct in firing the gun gave rise to actions for assault and battery and also for negligence. We agree.

The remedy of summary judgment is a drastic one and should be used with caution. *Billings v. Harris Co.*, 27 N.C. App. 689, 220 S.E.2d 361 (1975), *aff'd*, 290 N.C. 502, 226 S.E.2d 321 (1976). The party moving for summary judgment must show that no genuine issue of material fact exists and that, as a result, the movant is entitled to judgment as a matter of law. *Watts v. Cumberland County Hosp. System*, 317 N.C. 321, 345 S.E.2d 201 (1986). Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether there is a genuine issue of material fact and whether the movant is entitled to judgment. *Ellis v. Williams*, 319 N.C. 413, 335 S.E.2d 479 (1987).

This Court in *Lail v. Woods*, 36 N.C. App. 590, 592, 244 S.E.2d 500, 502, *disc. rev. denied*, 295 N.C. 550, 248 S.E.2d 727 (1978), stated that "[t]here are situations where the evidence presented raises questions of both assault and battery and negligence." We find this to be true in the present case. Plaintiff's forecast of evidence is sufficient to raise genuine issues of material fact regarding his negligence claim. While obviously an assault claim would be barred by the one-year statute of limitations, plaintiff has filed his claim well within the time prescribed for negligence actions. Defendant has failed to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Thus,

the judgment of the trial court must be reversed and the cause remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges ORR and LEWIS concur.