LUTHER LEE KEY, Plaintiff v. BARBARA M. BURCHETTE and
TIMOTHY C. BURCHETTE, Defendants

No. COA98-1229

(Filed 20 July 199)

**Collateral Estoppel and Res Judicata— negligence action— prior declaratory judgment on insurance coverage—negligence claim not precluded**

The trial court erred by granting summary judgment for defendants based upon collateral estoppel in a negligence action arising from a shooting at defendants' house where a trial court had previously concluded in a declaratory judgment action that a homeowner's policy did not provide coverage because plaintiff's injury was "expected or intended."

Appeal by plaintiff from judgment entered 29 June 1998 by Judge Julius A. Rousseau, Jr. in Wilkes County Superior Court. Heard in the Court of Appeals 13 May 1999.

*Vannoy, Colvard, Triplett, McLean & Vannoy, P.L.L.C., by J. Gary Vannoy, Jay Vannoy, and James E. Creamer, for plaintiff-appellant.*

*Cunningham & Gray, P.A., by George G. Cunningham; and Max F. Ferree, for defendants-appellees.*

WALKER, Judge.

On 21 January 1995, defendant Timothy Burchette and his wife, defendant Barbara Burchette, had been arguing throughout the day. Defendant Timothy Burchette went twice to the home of plaintiff in order to purchase cocaine. When he returned home at approximately 11:00 p.m. after the second trip to plaintiff's house, he noticed that defendant Barbara Burchette had been drinking. Plaintiff then arrived at defendants' house, and while all three were in the kitchen, defendant Barbara Burchette picked up a pistol from the counter, pointed it toward the floor and fired it. The bullet struck plaintiff in the leg and he was seriously injured.

Defendants were insured by North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) under a homeowner's policy. Farm Bureau brought a declaratory judgment action in 95 CVS 1228 to determine if the policy provided coverage for this injury. An exclu-

sionary provision in the policy prevented coverage to persons for bodily injury or property damage which was "expected or intended by the insured." In depositions, both defendants testified that the shooting was accidental. In his affidavit, plaintiff asserted he did not believe the shooting was intentional. Judgment was entered after the jury determined that the policy did not provide coverage for the injury.

On 3 August 1995, defendant Barbara Burchette pleaded "no contest" in 95 CRS 2160 to the charge of misdemeanor assault with a deadly weapon with regard to the shooting on 21 January 1995.

On 16 January 1998, plaintiff filed this action against the defendants. The complaint alleged: (1) that the defendants had been arguing, and that while intoxicated, defendant Barbara Burchette initially pointed the pistol "at the ground but then started moving the [pistol] around and pointing it in a negligent manner;" and (2) that the pistol went off and plaintiff was shot in the leg. Further, defendant Burchette's "negligent handling of a loaded gun while intoxicated contributed to the accidental shooting which resulted in serious injury to the Plaintiff." On 26 May 1998, defendants moved for summary judgment. Following a hearing, the trial court entered summary judgment for defendants finding "there is no genuine issue as to any material fact, and that the defendants are entitled to a judgment as a matter of law."

On appeal, plaintiff contends the trial court erred in granting summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Thompson v. Three Guy Furniture Co.*, 122 N.C. App. 340, 344, 469 S.E.2d 583, 585 (1996) (*quoting* N.C. Gen. Stat. § 1A-1, Rule 56 (c)). The burden of proving the lack of a triable issue of fact is on the party moving for summary judgment. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The evidence is viewed in the light most favorable to the nonmoving party. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 666, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995).

In contending there is a genuine issue of fact, plaintiff points to deposition testimony of both plaintiff and defendants which indicate that the shooting was accidental. During the deposition taken for the

declaratory judgment action, defendant Barbara Burchette testified as follows:

> And as I walked over, I noticed the gun laying there and I just picked the gun up and then I pointed it. . . .I just turned around and . . . I pointed it at the floor—and the next thing I knew it went off. . . . When I realized that he [plaintiff] had been shot . . . I got hysterical.

Defendant Timothy Burchette also testified that his wife "did not point the gun at anyone" and that "somehow or another it [the pistol] just went off." In his affidavit, plaintiff also testified that he did not believe he was shot "intentionally."

However, defendants contend plaintiff is collaterally estopped from bringing this negligence action as the trial court already decided in the declaratory judgment action that defendant Barbara Burchette's actions were "expected or intended" and the plaintiff only has a claim for assault and battery which is now barred by the one-year statute of limitations. Collateral estoppel or issue preclusion is to be applied when the following requirements are met:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Johnson v. Smith,* 97 N.C. App. 450, 452-53, 388 S.E.2d 582, 583-84, *disc. review denied,* 326 N.C. 596, 393 S.E.2d 878 (1990) (*quoting King v. Grindstaff,* 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973)). The issue in this case and the issue in the declaratory judgment action are distinguishable. The issue in the declaratory judgment action concerned the interpretation of an insurance policy with regard to coverage and focused on whether the actions of defendant Barbara Burchette were "expected or intended." In determining whether the injury was "expected or intended," the trial court looked to "the resulting injury, not merely the volitional act, which must be intended for the exclusion to apply." *N.C. Farm Bureau Mut. Ins. Co. v. Stox,* 330 N.C. 697, 703-04, 412 S.E.2d 318, 322 (1992). Thus, a determination that the act was "expected or intended" does not preclude a claim that the injury resulted from an act of negligence on the part of defendant Barbara Burchette.

This Court has previously stated, "[t]here are situations where the evidence presented raises questions of both assault and battery and negligence." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989) (*quoting Lail v. Woods*, 36 N.C. App. 590, 592, 244 S.E.2d 500, 502, *disc. review denied*, 295 N.C. 550, 248 S.E.2d 727 (1978)). In *Lail*, 36 N.C. App. at 591-92, 244 S.E.2d at 501-02, it was determined that only an action for assault and battery was proper since the evidence showed that the injury resulted from the defendant's intentional act of throwing a rock at the plaintiff. In *Vernon*, 95 N.C. App. at 642, 383 S.E.2d at 441-42, the plaintiff was injured when the defendant pointed a gun toward the floor and one of the bullets ricocheted and hit the plaintiff in the leg. This Court determined that the defendant's conduct in firing the gun gave rise to actions for assault and battery as well as for negligence. *Id.* at 643, 383 S.E.2d at 443. Thus, the trial court's determination in the declaratory judgment action that defendant Barbara Burchette's actions were "expected or intended" is not controlling in this action and plaintiff is not estopped from asserting a negligence claim. The trial court erred in granting summary judgment for defendants.

Reversed.

Judges McGEE and EDMUNDS concur.