WILLIAM DONALD BRITT, Plaintiff v. GEORGE DOUGLAS HAYES, Defendant

No. COA99-792-2

(Filed 6 February 2001)

**Negligence; Assault— intent to injure plaintiff—summary judgment improper**

The trial court erred by granting summary judgment in favor of defendant on plaintiff's claim for negligence where defendant admitted he intentionally backed his vehicle into plaintiff's truck, and the one-year statute of limitations for assault and battery under N.C.G.S. § 1-54 had already run, because: (1) a defendant's conduct precludes an action for negligence only when defendant intended to injure the plaintiff; and (2) plaintiff's interrogatories in this case at least present a question as to that intent.

Judge TIMMONS-GOODSON concurring.

Appeal by plaintiff from orders entered 7 April and 3 May 1999 by Judge William C. Gore, Jr. in Bladen County Superior Court. Originally heard in the Court of Appeals 27 March 2000. An opinion was filed by this Court 3 October 2000. Plaintiff's Petition for Rehearing, filed 6 November 2000, was granted 6 December 2000 and

BRITT v. HAYES

[142 N.C. App. 190 (2001)]

heard without additional briefs or oral argument. This opinion supersedes the 3 October 2000 opinion.

*Hester, Grady, Hester, Greene & Payne, by H. Clifton Hester, for plaintiff-appellant.*

*Anderson, Daniel & Coxe, by Bradley A. Coxe, for defendant-appellee.*

EAGLES, Chief Judge.

This case presents the question of whether the plaintiff has an action for negligence.

The underlying case arose out of a confrontation on U.S. Highway 701 in Tabor City, North Carolina. Plaintiff alleges that he was traveling north on 701 when defendant "suddenly and without warning began backing up in the north bound lane colliding forcibly with the vehicle which the Plaintiff was driving and causing the injuries of which Plaintiff complains." Plaintiff contends that by backing up, defendant acted negligently and caused damage to his person and property. Defendant filed an answer asserting the statute of limitations. According to the defendant, plaintiff's complaint states a cause of action for assault and battery and not for negligence. Since the one year statute of limitations for assault and battery had expired, defendant argues that plaintiff's action is time barred. *See* G.S. § 1-54 (1999).

In an order dated 7 April 1999, the trial court granted the defendant's motion for summary judgment. In its order, the court stated:

1. That Plaintiff's action is based upon an alleged assault and battery by Defendant, to wit, the intentional backing of his tractor trailer into the Plaintiff.

2. That Plaintiff has failed to file his action within the applicable one year statute of limitation for assault and/or battery.

. . . .

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment is granted and Plaintiff's action is DISMISSED WITH PREJUDICE.

Plaintiff appeals this order and an order denying plaintiff a new trial.

In his assignment of error, plaintiff contends that there is a genuine issue of material fact whether defendant intended to injure the plaintiff when he backed his vehicle into plaintiff's truck. We agree and reverse the trial court.

This case comes before us on a motion for summary judgment. A trial court may properly grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. § 1A-1 N.C.R. Civ. P. 56(c) (1999). In reviewing the disposition of a motion for summary judgment, we must view all evidence in the light most favorable to the non-moving party. *Lynn v. Burnette*, 138 N.C. App. 435, 531 S.E.2d 275 (2000). The movant has the burden to show that there is no genuine issue of material fact. *Vernon v. Barrow*, 95 N.C. App. 642, 383 S.E.2d 441 (1989).

The intent necessary to show battery is the "intent to act, i.e., the intent to cause harmful or offensive contact . . . ." *Russ v. Great American Ins. Companies*, 121 N.C. App. 185, 188, 464 S.E.2d 723, 725 (1995), *disc. review denied*, 342 N.C. 896, 467 S.E.2d 905 (1996) (citation omitted.) The hostile intent of the defendant is not an issue in determining his liability for battery. *Lynn*, 138 N.C. App. at 439, 531 S.E.2d at 279. The intent to show an assault is the intent to cause apprehension of an imminent offensive or harmful contact without actually striking him. *Ormond v. Crampton*, 16 N.C. App. 88, 94, 191 S.E.2d 405, 409, *cert. denied*, 282 N.C. 304, 192 S.E.2d 194 (1972). "Negligence is the breach of a legal duty proximately causing injury." *Lynn*, 138 N.C. App. at 439, 531 S.E.2d at 278. Despite these seemingly exclusive definitions, "there are situations where the evidence presented raises questions of both assault and battery and negligence." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989) (citing *Lail v. Woods*, 36 N.C. App. 590, 592, 244 S.E.2d 500, 502, *disc. review denied*, 295 N.C. 550, 248 S.E.2d 727 (1978)); *Key v. Burchette*, 134 N.C. App. 369, 517 S.E.2d 667, *disc. review denied*, 351 N.C. 106, —— S.E.2d —— (1999).

To preclude a cause of action for negligence, the defendant must have acted with an intent to injure the plaintiff and not merely an intent to cause offensive contact. *See Jenkins v. Department of Motor Vehicles*, 244 N.C. 560, 563, 94 S.E.2d 577, 580 (1956). Our Supreme Court has stated:

Negligence . . . does not include intentional acts of violence. For example, an automobile driver operates his car in violation of the speed law and in so doing inflicts injury as a proximate result, his liability is based on his negligent conduct. On the other hand, if the driver intentionally runs over a person it makes no difference whether the speed is excessive or not, the driver is guilty of an assault and if death results of manslaughter or murder. **If injury was intended it makes no difference whether the weapon used was an automobile or a pistol. Such willful conduct is beyond and outside the realm of negligence.**

*Id.* at 563, 94 S.E.2d at 580 (emphasis added). Likewise, our Courts have included similar statements of law in other cases. *See Pleasant v. Johnson,* 312 N.C. 710, 714, 325 S.E.2d 244, 248 (1985) ("[o]nly when the **injury is intentional** does the concept of negligence cease to play a part.") (emphasis added); *Siders v. Gibbs,* 39 N.C. App. 183, 187, 249 S.E.2d 858, 860 (1978) ("[t]his willful and deliberate purpose not to discharge a duty differs crucially . . . from the willful and deliberate purpose to inflict injury—the latter amounting to an intentional tort."); *Key,* 134 N.C. App. at 371, 517 S.E.2d at 669 (concluding that a determination that the act rather than the injury was "expected or intended" did not preclude a claim for negligence). Based on this precedent we now restate the principle that defendant's conduct precludes an action for negligence only when defendant intended to injure the plaintiff. *Id.* We now apply this principle here. The issue before us is whether as a matter of law the evidence shows that the defendant intended to injure the plaintiff.

Viewed in the light most favorable to the plaintiff, the evidence tends to show that the plaintiff first encountered the defendant in the northbound lane of Highway 701 near Loris, South Carolina. Plaintiff was driving a 1988 Ford pickup truck while defendant was driving a tractor trailer log truck. Plaintiff testified that defendant ran him into a ditch after attempting to pass him. Plaintiff returned to the highway and attempted to follow the defendant to obtain his license plate number. According to plaintiff, the defendant's plate was not on the rear of his vehicle. Therefore, plaintiff attempted to pass the defendant to view the plate in the front. When plaintiff attempted this maneuver, defendant ran him off the road again. Plaintiff continued to follow the defendant into Tabor City, North Carolina. At the junction of Highways 701 and 410, defendant reduced his speed, put the tractor trailer in reverse and backed into the plaintiff's truck.

Plaintiff acknowledged that he thought that the defendant had backed into him on purpose. However, the issue is not whether the defendant intentionally made contact with the plaintiff, but whether the defendant intended to injure the plaintiff. In his interrogatories, defendant responded that "I intentionally backed my tractor-trailer into his pickup to keep him from following me to my home." Defendant also answered that he "was not going very fast at all and only moved 3-5 feet before impact. Therefore, his truck did not move much if at all." Finally, defendant admitted that "[a]t the time of impact, my vehicle was in reverse and going approximately 1 m.p.h." While there is certainly some evidence to suggest that defendant intended to injure the plaintiff, we hold that his interrogatories at least present a question as to that intent. Therefore, we reverse and remand this case for trial.

We note that on remand to the trial court, the finder of fact should determine whether the defendant intended to injure the plaintiff. If the defendant intended to injure the plaintiff, then the plaintiff's claim lies solely in assault and battery and is barred by the one year statute of limitations. G.S. § 1-54.

For these reasons we reverse the judgment of the trial court.

Reversed and remanded.

Judge HUNTER concurs.

Judge TIMMONS-GOODSON concurs in the result with separate opinion.

TIMMONS-GOODSON, Judge, concurring in the result.

I agree with the majority's position that a negligence action will lie if the defendant did not intend to injure the plaintiff. However, although not explicitly stated, the majority implicitly holds that the defendant must specifically intend to cause *bodily* injury to the plaintiff before his actions will fall exclusively within the realm of intentional torts. I write separately to note that our courts have not previously distinguished between injury to the plaintiff's person and injury to the plaintiff's property in determining whether the defendant possessed the requisite intent. To the contrary, when discussing the origins of intentional torts, our Supreme Court has stated the following:

**BRITT v. HAYES**

[142 N.C. App. 190 (2001)]

At common law, actions for trespass and trespass on the case provided remedies for different types of injuries: *The former "for forcible, direct injuries, whether to persons or property*," and the latter "for wrongful conduct resulting in injuries which were not forcible and not direct." *In the former, the injury was intended.* In the latter, injury was not intended but resulted from the careless or unlawful act. Negligence, in all its various shades of meaning, is an outgrowth of the action of trespass on the case and does not include intentional acts of violence. For example, an automobile driver operates his car in violation of the speed law and in so doing inflicts injury as a proximate result, his liability is based on his negligent conduct. On the other hand, if the driver intentionally runs over a person it makes no difference whether the speed is excessive or not, the driver is guilty of an assault and if death results, of manslaughter or murder. *If injury was intended it makes no difference whether the weapon used was an automobile or a pistol. Such willful conduct is beyond and outside the realm of negligence.*

*Jenkins v. Department of Motor Vehicles*, 244 N.C. 560, 563, 94 S.E.2d 577, 580 (1956) (emphasis added) (citation omitted).

In my opinion, there is no genuine issue of fact as to whether defendant, by backing his semi-truck/trailer into plaintiff's pickup truck, intended to cause injury, of some degree, to plaintiff's property. If the dispositive issue is whether defendant expressly intended to injure plaintiff's person, I agree that there is a factual dispute for the jury to resolve. If, on the other hand, intentional injury to plaintiff's property is sufficient to place the action outside the scope of negligence, plaintiff's action is barred by the one-year statute of limitations, *see* N.C. Gen. Stat. § 1-54(3) (1999), and summary judgment for defendant was appropriate.

Recently, however, this Court held that the plaintiff could maintain an action for negligence under facts analogous to those presented here. *See Lynn v. Burnette*, 138 N.C. App. 435, 531 S.E.2d 275 (2000). In *Lynn*, the plaintiff was injured when the defendant, who admittedly intended to shoot the tire of the plaintiff's vehicle, fired the gun before properly aiming and caused the bullet to strike the plaintiff in the neck. Id. at 443, 531 S.E.2d at 281. Because I am bound by that holding, *see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (panel of Court of Appeals is bound by prior decisions of

COPPLEY v. PPG INDUS., INC.

[142 N.C. App. 196 (2001)]

another panel addressing the same issue), I concur in the result reached here.