IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1294

 Filed: 17 December 2019

Guilford County, No. 15 CRS 34345

STATE OF NORTH CAROLINA

 v.

BULENT BEDIZ

 Appeal by Defendant from judgment entered 13 June 2018 by Judge Stanley

L. Allen in Guilford County Superior Court. Heard in the Court of Appeals 23 May

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General A. Mercedes
 Restucha-Klem, for the State-Appellee.

 Yoder Law PLLC, by Jason Christopher Yoder, for Defendant-Appellant.

 COLLINS, Judge.

 Defendant Bulent Bediz appeals from judgment entered upon a jury verdict of

guilty of misdemeanor simple assault. Defendant argues that the trial court (1) erred

in denying his motion to dismiss because there was insufficient evidence that

Defendant intentionally touched Mr. Mark Wayman with the passenger side-view

mirror while parking his car, and (2) erred in denying his request for a jury

instruction on the defense of accident because Defendant presented substantial

evidence that he was parking and did not intend to touch Wayman with the passenger
 STATE V. BEDIZ

 Opinion of the Court

side-view mirror of his car. We affirm in part and reverse in part, ordering a new

trial.

 I. Procedural History

 On 3 December 2015, Defendant was arrested and charged with misdemeanor

assault with a deadly weapon pursuant to N.C. Gen. Stat. § 14-33(c)(1) (2015). On

15 November 2016, at a bench trial in district court, Defendant was found guilty as

charged. Defendant appealed to superior court. On 29 May 2018, Defendant’s case

came on for a jury trial de novo.

 At the close of the State’s evidence, and again at the close of all the evidence,

Defendant moved to dismiss for insufficient evidence; the trial court denied both

motions. At the jury charge conference, Defendant’s request for a jury instruction on

the lesser-included offense of misdemeanor simple assault was granted; his request

for an instruction on the defense of accident under N.C.P.I.–Crim. 307.11 was denied.

 The jury acquitted Defendant of assault with a deadly weapon, but found

Defendant guilty of misdemeanor simple assault. The trial court entered judgment

upon the jury’s verdict, sentencing Defendant to 45 days’ imprisonment, suspending

the sentence, and placing Defendant on 12 months’ unsupervised probation. On

5 June 2018, Defendant gave proper written notice of appeal to this Court.

 II. Factual Background

 -2-
 STATE V. BEDIZ

 Opinion of the Court

 The evidence at trial tended to show the following: Defendant owned a rental

property at 808 Haywood Street in the city of Greensboro (the “Property”). The city

had notified Defendant that salvaged building materials on the Property were a

nuisance and needed to be removed. Defendant hired workers to clean up the

property and believed that he had complied with the notice. At approximately

8:30 a.m. on 3 December 2015, Defendant was working at the Property when he saw

a Greensboro city contractor sifting through the remaining salvaged materials.

Defendant told the contractor to leave, and the contractor complied.

 Later that morning, Code Enforcement Supervisor Mark Wayman, who had

previously interacted with Defendant, sought and executed an administrative

warrant to remove the salvaged materials from the Property. Wayman requested the

assistance of law enforcement in executing the warrant. Officers Watson and Wilson

of the Greensboro Police Department accompanied Wayman to the scene.

 Upon arriving at the Property, the officers activated their respective body

cameras; both body cameras captured footage of the subsequent events. At

approximately 10:00 a.m., while Wayman, Watson, Wilson, and another city inspector

were standing in the street in front of the Property, Defendant drove up in his car.

As Defendant drove by the three men, Defendant’s passenger side-view mirror struck

Wayman in the hip. Both officers shouted at Defendant to stop and instructed him

to get out of the car. Defendant stopped in the middle of the road and rolled down his

 -3-
 STATE V. BEDIZ

 Opinion of the Court

window to listen to Watson. Defendant then looked away from Watson and toward

the front windshield. As this happened, Wayman walked in front of Defendant’s car

to join the officer on the opposite side of the street. Defendant’s car moved forward,

striking Wayman in the knee.

 Defendant yelled at Wayman from inside his car while the officers repeatedly

demanded that Defendant get out of his car. Defendant got out his car, walked

toward Wayman pointing his finger, and stated that Wayman “wanted to be hit.”

Watson took Defendant’s keys and immediately called for backup. Defendant was

arrested and charged via Uniform Citation with one count of misdemeanor assault

with a deadly weapon as follows: “Did assault Mark Wayman with a deadly weapon

(vehicle) to wit Mr. Wayman received injury to his right hip, left knee & lower leg.

G.S. 14-33(c)(1)[.]”

 III. Discussion

1. Motion to Dismiss

 Defendant first argues that the trial court erred in denying his motion to

dismiss, because the State did not present sufficient evidence that Defendant

intentionally touched Wayman with the passenger side-view mirror while parking

his car. We disagree.

 This court reviews a trial court’s denial of a motion to dismiss for insufficient

evidence de novo. State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

 -4-
 STATE V. BEDIZ

 Opinion of the Court

 When a defendant moves to dismiss for insufficient evidence, the trial court

must determine “whether there is substantial evidence of each essential element of

the offense charged and of the defendant being the perpetrator of the offense.

Substantial evidence is relevant evidence that a reasonable mind might accept as

adequate to support a conclusion.” State v. Worley, 198 N.C. App. 329, 333, 679 S.E.2d

857, 861 (2009) (quotation marks and citations omitted). “[T]he trial court must

consider the record evidence in the light most favorable to the State . . . .” Id.

 The criminal offense of assault is generally defined as an overt act or attempt,

with force and violence, to do immediate physical injury to the body of another or to

put a person of reasonable firmness in fear of immediate bodily harm. State v.

Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). An assault requires “the

intent to cause apprehension of an imminent offensive or harmful contact . . . .” Britt

v. Hayes, 142 N.C. App. 190, 192, 541 S.E.2d 761, 762 (2001) (citing Ormond v.

Crampton, 16 N.C. App. 88, 94, 191 S.E.2d 405, 409–10 (1972)). “A defendant’s intent

is seldom provable by direct evidence and must usually be proved through

circumstantial evidence.” State v. Liggons, 194 N.C. App. 734, 739, 670 S.E.2d 333,

338 (2009) (citation omitted). “[T]he nature of the assault, the manner in which it

was made, the weapon, if any, used, and the surrounding circumstances are all

matters from which [] intent . . . may be inferred.” State v. White, 307 N.C. 42, 49,

296 S.E.2d 267, 271 (1982). “The surrounding circumstances include the foreseeable

 -5-
 STATE V. BEDIZ

 Opinion of the Court

consequences of a defendant’s deliberate actions as a defendant must be held to

intend the normal and natural results of his deliberate act.” Liggons, 194 N.C. App.

at 739, 670 S.E.2d at 338 (quotation marks and citation omitted).

 Wayman testified that he was standing in the street with Watson when

Defendant “swerved towards” them and hit Wayman with the passenger side-view

mirror of his car, even though there was “ample room for [Defendant] to maneuver

around” them. Wayman also testified that after exiting the car, Defendant was

visibly upset and “[i]mmediately came towards me pointing his finger at me.”

 Watson testified that he watched Defendant hit Wayman with the passenger

side-view mirror of his car. He also testified that after the hit, both officers directed

Defendant to exit the car, but Defendant “did not get out of the car when I asked him

to do that” and Defendant “was not listening.” After Defendant exited the car, he

“began to go towards Mr. Wayman” and was upset. Video from Watson’s body camera

shows Defendant getting out of the car and walking toward Wayman while pointing

his finger at him.

 The testimony and video footage show that Defendant drove toward Wayman,

hit him with the passenger side-view mirror of the car, exited the vehicle, and walked

toward Wayman while visibly upset. These circumstances could allow a reasonable

person to believe that Defendant intended to hit Wayman, or at least intended to put

Wayman in fear of immediate bodily harm. Roberts, 270 N.C. at 658, 155 S.E.2d at

 -6-
 STATE V. BEDIZ

 Opinion of the Court

305. Additionally, Defendant’s act of driving within inches of where Wayman stood

in the road, in an attempt to “squeeze around” Wayman to park his car, could

foreseeably lead to Defendant’s car hitting Wayman. As the trial court was permitted

to consider these “foreseeable consequences” of Defendant’s actions as evidence of

Defendant’s intent, the State provided substantial evidence of each element of

assault. Liggons, 194 N.C. App. at 739, 670 S.E.2d at 338. Thus, the trial court did

not err by denying Defendant’s motion to dismiss.

2. Jury Instruction

 Defendant next argues that the trial court committed reversible error in

denying his request for a jury instruction on the defense of accident. We agree.

 Whether sufficient evidence exists to warrant a jury instruction is a question

of law, reviewed de novo on appeal. State v. Smith, 832 S.E.2d 678, 684 (N.C. Ct.

App. 2019).

 “The trial court has a duty to instruct the jury on all substantial features of

the case arising on the evidence.” State v. Garrett, 93 N.C. App. 79, 82, 376 S.E.2d

465, 467 (1989) (citation omitted). “All defenses arising from the evidence presented

during trial, including the defense of accident, are substantial features of a case and

therefore warrant instructions.” Id. (citation omitted).

 For a jury instruction to be required on a particular
 defense, there must be substantial evidence of each
 element of the defense when the evidence is viewed in the
 light most favorable to the defendant. Substantial evidence

 -7-
 STATE V. BEDIZ

 Opinion of the Court

 is evidence that a reasonable person would find sufficient
 to support a conclusion. Whether the evidence presented
 constitutes substantial evidence is a question of law.

State v. Bice, 821 S.E.2d 259, 266-67 (N.C. Ct. App. 2018) (quotation marks, brackets,

and citations omitted).

 Thus, in this case, the trial court was required to instruct the jury regarding

the defense of accident if substantial evidence had been introduced showing that

Defendant struck Wayman (1) “unintentional[ly],” (2) “during the course of lawful

conduct,” and (3) in a manner that did “not involve culpable negligence.” N.C.P.I.—

Crim. 307.11. “Culpable negligence is such recklessness or carelessness . . . as

imports a thoughtless disregard of consequences or a heedless indifference to the

safety and rights of others.” State v. Cope, 204 N.C. 28, 167 S.E. 456, 458 (1933).

 Defendant testified,

 [A]s best as I can remember, my sole intent was to park the
 car and talk to the police and tell them what was going on
 because I felt like I was the victim and I wanted to talk to
 the police.
 ....
 I’m coming down Haywood Street and I’m just trying to
 park in front of 808 Haywood Street to talk to the police.
 And Mark Wayman was standing there in the middle of the
 street. There was another police officer. I squeezed by
 them. And just then the police stopped me. And I didn’t
 even realize I had hit him like he alleges.

When asked whether he could see Wayman walk around the front of the vehicle,

Defendant testified that he could not. He explained,

 -8-
 STATE V. BEDIZ

 Opinion of the Court

 Well, I understood from [the officer] to go and park my car
 by the curb. That’s what I was intending to do because in
 the video it’s very evident that the car is in direction to go
 and park by the curbside. So I was just continuing to park
 my car there so that I can talk to the police. So I lifted my
 foot off the brake. And then, as you see in the video, the
 police then afterwards tell me to get out of the car, etcetera.

 On cross-examination, Defendant testified, “I was driving my car to park it by

the curbside. I was not driving my car to hit Mr. Wayman.” Defendant explained

that everything happened very fast, it was a “chaotic and confusing situation,” and

that he asked Wilson “I hit him?” afterwards because he did not realize that he had

hit Wayman.

 This evidence was sufficient evidence from which a jury could find that

Defendant hit Wayman accidentally–that is, unintentionally, while acting lawfully,

and not acting with thoughtless disregard of consequences or a heedless indifference

to the safety and rights of others. Cope, 204 N.C. at 28, 167 S.E. at 458. Accordingly,

the trial court erred in not instructing the jury on the defense of accident. As a result,

Defendant is entitled to a new trial.

 IV. Conclusion

 The trial court did not err by denying Defendant’s motion to dismiss for

insufficient evidence. The trial court did err by refusing to instruct the jury on the

defense of accident. We reverse and remand for a new trial.

 NEW TRIAL.

 Judges DIETZ and MURPHY concur.

 -9-